AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Nevada___ on the following ☐ Patents or ☑ Trademarks:

| DOCKET NO.<br>1 | DATE FILED<br>7/31/2015 | U.S. DISTRICT COURT<br>Nevada |
|---|---|---|
| PLAINTIFF<br><br>Chanel, Inc. | | DEFENDANT<br><br>Nella Chunky, LLC |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | see attached complaint | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

DECISION/JUDGEMENT


| CLERK<br>/s/ Lance S. Wilson | (BY) DEPUTY CLERK<br>/s/ Danielle Cacciabaudo | DATE<br>7/31/2015 |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

Michael M. Edwards
Nevada Bar No. 006281
J. Scott Burris
Nevada Bar No. 010529
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV  89101
(702) 727-1400; FAX (702) 727-1401
Michael.Edwards@wilsonelser.com
J.Scott.Burris@wilsonelser.com

*Attorneys for Plaintiff, CHANEL, INC.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CHANEL, INC., a New York corporation, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR DAMAGES AND** |
| ) | **INJUNCTIVE RELIEF** |
| NELLA CHUNKY, LLC, a Nevada limited ) | |
| liability company, d/b/a fresh-tops.com ) | |
| d/b/a freshtops d/b/a fresh-tops d/b/a ) | |
| @freshtops, and DOES 1-10 ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Chanel, Inc., a New York corporation ("Chanel") hereby sues Defendants, Nella Chunky, LLC, a Nevada limited liability company, d/b/a fresh-tops.com d/b/a freshtops d/b/a fresh-tops d/b/a @freshtops ("Nella Chunky, LLC") and Does 1 – 10 (collectively "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.   This is an action for federal trademark counterfeiting and infringement, false designation of origin, and common law unfair competition pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125, and common law trademark infringement and unfair competition. Accordingly, this

1

824197v.1

Court has jurisdiction under 28 U.S.C. §§ 1331, and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since a substantial part of the events giving rise to the Plaintiff's claims occurred in this District and the Defendants conduct substantial business activities within this District.

## THE PARTIES

2. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel has been engaged in the business of manufacturing and distributing throughout the world, including within this District, high quality luxury goods under multiple world famous common law and Federally registered trademarks including those identified in Paragraph 8 below. Chanel regularly enforces its intellectual property rights and authorized that this action be brought in its name.

3. Nella Chunky, LLC is, upon information and belief, a limited liability company organized under the laws of the State of Nevada with its principal places of business located at 9000 Las Vegas Boulevard South, #1074, Las Vegas, Nevada 89123-3370 and 4545 West Reno Avenue, #B5, Las Vegas, Nevada 89118. Upon information and belief, Nella Chunky, LLC is promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Chanel's trademarks within this District through various fully interactive commercial Internet website operating under its domain name "fresh-tops.com" (the "Subject Domain Name") and also, upon information and belief, uses the aliases ""freshtops," "fresh-tops," and "@freshtops" in connection with the operation of its counterfeiting business.

4. Upon information and belief, Defendants are directly and personally engaging in the sale of counterfeit and infringing products within this District as alleged herein.

5. Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this District. Further, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit and infringing products as alleged herein as partners or suppliers to the named Defendants. The Plaintiff is presently unaware of the true names of Does 1-5. The Plaintiff will amend this Complaint upon discovery of the identities of such fictitious Defendants.

6. Defendant Does 6-10 are business entities which, upon information and belief, reside and\or conduct business within this District. Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit and infringing products as alleged herein as partners or suppliers to the named Defendants. The Plaintiff is presently unaware of the true names of Does 6-10. The Plaintiff will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## COMMON FACTUAL ALLEGATIONS

7. Chanel is the owner of the following trademarks and United States Federal Trademark Registrations:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| ⓒⒸ | 4,241,822 | November 13, 2012 | (Int'l Class: 25) Clothing; namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |
| ⓒⒸ | 1,241,264 | June 7, 1983 | (Int'l Class: 25) Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |
| COCO | 0,958,616 | May 8, 1973 | (Int'l Class: 25) Women's suits and blouses |

which are registered in International Class 25 and are used in connection with manufacture and distribution of, among other things, high quality clothing products, including pants, shirts, and blouses. Additionally, Chanel is the owner of all common law rights in and to the COCO, ⓒⒸ and ⓒⒸ Marks as associated with clothing products, including pants, shirts and blouses (the above-

3

identified common law and registered marks shall collectively be referred to herein as the "Chanel Marks").

8. The Chanel Marks have been used in interstate commerce to identify and distinguish Plaintiff's high quality goods for an extended period of time.

9. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

10. The Chanel Marks are symbols of Plaintiff's quality, reputation and goodwill and have never been abandoned.

11. Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

12. The Plaintiff has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality goods and has carefully monitored and policed the use of the Chanel Marks.

13. As a result of the Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by the Plaintiff.

14. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality goods.

15. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of the Plaintiff's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

16. The Plaintiff has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit and infringing products, including at least

clothing products, including shirts and pants, and other goods bearing trademarks which are counterfeits or infringements of the Chanel Marks (the "Infringing Goods"). Specifically, upon information and belief, the Defendants are using the Chanel Marks in the same stylized fashion, for different and inferior quality goods.

17. Upon information and belief, the Defendants' Infringing Goods are of a quality substantially different than that of the Plaintiff's genuine goods. Despite the nature of their Infringing Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by the Plaintiff. The net effect of the Defendants' actions will result in the confusion of consumers who will believe the Defendants' Infringing Goods are genuine goods originating from and approved by Plaintiff.

18. Upon information and belief, the Defendants, import their Infringing Goods and advertise those goods for sale to the consuming public. In so advertising these products, the Defendants use the Chanel Marks. Indeed, the Defendants herein, upon information and belief, misappropriated the Plaintiff's advertising ideas and entire style of doing business with regard to the advertisement and sale of the Plaintiff's genuine products. Upon information and belief, the misappropriation of the Plaintiff's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to the Plaintiff.

19. Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this District and elsewhere throughout the United States. As a result, the Defendants are defrauding the Plaintiff and the consuming public for the Defendants' own benefit. Defendants' infringement and disparagement of the Plaintiff does not simply amount to the

wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

20. The Defendants' use of the Chanel Marks, including the importation, promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without the Plaintiff's consent or authorization.

21. Further, the Defendants are, upon information and belief, engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to the Plaintiff's rights for the purpose of trading on the goodwill and reputation of Chanel. If the Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, the Plaintiff and the consuming public will continue to be damaged.

22. The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Plaintiff's genuine goods and the Defendants' Infringing Goods.

23. The Plaintiff has no adequate remedy at law.

24. The Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of the Defendants' counterfeiting and infringing activities.

25. The injuries and damages sustained by the Plaintiff has been directly and proximately caused by the Defendants' wrongful importation, reproduction, use, advertisement, promotion, offering to sell, and sale of their Infringing Goods.

26. The Plaintiff has retained the undersigned counsel to represent them in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING

27. The Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 26 above.

28. This is an action for trademark counterfeiting against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of clothing products, including shirts and pants bearing the Chanel Marks.

29. Specifically, the Defendants, upon information and belief, are promoting and otherwise advertising, selling, offering for sale and distributing counterfeit clothing products, including shirts and pants, and other goods bearing the Chanel Marks. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit clothing products, including shirts and pants, and other goods.

30. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing the Chanel Marks.

31. The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to the Plaintiff.

32. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33. The Plaintiff has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not permanently enjoined.

///

///

## COUNT II - TRADEMARK INFRINGEMENT

34.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35.     This is an action for trademark infringement against the Defendants based on their manufacture, promotion, advertisement, distribution, sale and/or offering for sale of goods bearing imitations of the Chanel Marks.

36.     Specifically, the Defendants are promoting and otherwise advertising, selling, offering for sale and distributing similar counterfeit and infringing products bearing the Chanel Marks.  The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit and infringing branded goods.

37.     The Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' Infringing Goods bearing the Chanel Marks.

38.     The Defendants' unlawful actions have caused, and are continuing to cause, unquantifiable damages to Plaintiff.

39.     The Defendants' above-described illegal actions constitute infringement of the Chanel Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

40.     Plaintiff has suffered, and will continue to suffer, irreparable injury due to the above described activities of the Defendants if the Defendants are not permanently enjoined.

## COUNT III - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

41.     The Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

42. The Defendants' Infringing Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

43. The Defendants' Infringing Goods bearing the Chanel Marks are virtually identical in appearance to the Plaintiff's genuine goods. However, the Infringing Goods are different and likely inferior in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Infringing Goods.

44. The Defendants, upon information and belief, have used in connection with their sale of Infringing Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

45. Specifically, the Defendants, upon information and belief, have authorized an infringing use of the Chanel Marks, in the Defendants' advertisement and promotion of their counterfeit and infringing clothing products, including shirts and pants, and other goods. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing products.

46. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47. The Plaintiff has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, the Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### COUNT IV - TRADEMARK DILUTION

48. Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

9

49. The Chanel Marks are famous trademarks within the meaning of 15 U.S.C. §1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world and are highly recognizable by the trade and the consuming public. Further, the Plaintiff actively polices the use of its marks by third parties.

50. The Defendants are engaged in a commercial use of the Chanel Marks in commerce.

51. The Defendants' above-described counterfeiting activities are disparaging, damaging and lessening the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks. Indeed, Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and the Defendants' Infringing Goods.

52. The Defendants' actions described herein have been engaged in intentionally or with a reckless disregard for or willful blindness to the Plaintiff's rights for the purpose of trading on the Plaintiff's reputation and diluting the Chanel Marks.

53. As a result of the above described diluting and disparaging activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

**COUNT V – COMMON LAW TRADEMARK INFRINGEMENT**

54. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 53 above.

55. This is an action for infringement by the Defendants based on their use of the Chanel Marks on their Infringing Goods in violation of the Section 59.1-92.12 of the Code of Virginia.

56. The Defendants' use causes a likelihood of confusion or misunderstanding, and is a deceptive representation that the Defendants' Infringing Goods have a source, sponsorship, approval, status, affiliation, or connection with the Plaintiff that they do not have.

57.     The Defendants' use of the Chanel Marks on their Infringing Goods is likely to confuse and deceive the public by misrepresenting that Plaintiff is a source or sponsor for or is affiliated or connected with or has approved or endorsed the Defendants' Infringing Goods thereby causing Plaintiff immediate and irreparable damage.

58.     Plaintiff has sustained injury and damage caused by the Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT VI – COMMON LAW UNFAIR COMPETITION

59.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 58 above.

60.     This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are identical to the Chanel Marks in violation of Nevada's common law of unfair competition.

61.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and goods bearing counterfeits of the Chanel Marks. Defendants are using counterfeits and infringements of the Chanel Marks to unfairly compete with Plaintiff via the World Wide Web through their website operating under the Subject Domain Name as well as via numerous social media platforms.

62.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

63.     Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

///

## PRAYER FOR RELIEF

64. WHEREFORE, the Plaintiff demands judgment, jointly and severally, against the Defendants as follows:

a. Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, or in any way endorsed by, approved by, and/or associated with the Plaintiff;  from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, clothing products, including shirts and pants, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe  or represent Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

b. Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that

the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

  c. Entry of an Order awarding Chanel profits and damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' dilution of the Chanel Marks.

  d. Entry of an Order awarding Chanel damages arising out of Defendants' wilful and intentional infringing practices pursuant to Sections 59.1-92.12 and 59.1-92.13 of the Code of Virginia.

  e. Entry of an Order requiring the Subject Domain Name, and any other domain names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Chanel Marks be disabled and/or immediately transferred by Defendants, their Registrars, and/or the Registries, or by the applicable governing Internet marketplace websites to Chanel's control.

  f. Entry of an Order that, upon Chanel's request, the top level domain (TLD) Registry for each of the Subject Domain Names or their administrators place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files maintained by the Registries or their administrators which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

  g. Entry of an Order that, upon Chanel's request, any Internet search engines, Web hosts, domain-name registrars and domain-name registries or administrators, that are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the Chanel Marks

g.  Entry of an Order that, upon Chanel's request, any Internet search engines, Web hosts, domain-name registrars and domain-name registries or administrators, that are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the Chanel Marks

h.  Entry of an Order awarding Plaintiff pre-judgment interest on its judgment.

i.  Entry of an Order awarding Plaintiff its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

j.  Entry of an Order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED this _____ day of July, 2015

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: _____
Michael M. Edwards
Nevada Bar No.: 006281
J. Scott Burris
Nevada Bar No.: 010529
Attorney for Plaintiff
CHANEL, INC., a New York Corporation

824197v.1