# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHANEL, INC., a New York corporation, | Case No. 2:15-cv-01467-GMN-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| NELLA CHUNKY, LLC, a Nevada limited liability company, d/b/a fresh-tops.com d/b/a freshtops d/b/a fresh-tops d/b/a @freshtops, and DOES 1-10 | |
| Defendants. | |

Having duly considered the unopposed Motion for Default Judgment and Permanent Injunction, (ECF No. 12), filed by Plaintiff Chanel, Inc. ("Plaintiff"), the Court hereby enters this final judgment by default against Defendant Nella Chunky, LLC ("Defendant") pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Final Default Judgment is **GRANTED**, and judgment is entered in favor of Plaintiff, Chanel, Inc., a New York corporation, with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019, and against Defendant, Nella Chunky, LLC, a Nevada limited liability company, d/b/a fresh-tops.com d/b/a freshtops d/b/a fresh-tops d/b/a @freshtops (the "Defendant"), as follows:

    1.    Permanent Injunctive Relief:

Defendant and its officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:

    a.    manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Plaintiff's trademarks identified in Paragraph 7 of the First Amended Complaint (the "Chanel Marks"), and identified

1

below:

| Trade mark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| ☒ | 4,241,822 | November 13, 2012 | (Int'l Class: 25) Clothing; namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |
| ⓒ | 1,241,264 | June 7, 1983 | (Int'l Class: 25) Suits, jackets, skirts, dresses, pants, blouses, tunics, sweaters, cardigans, tee-shirts, coats, raincoats, scarves, shoes and boots |

b.   using the Chanel Marks in connection with the sale of any unauthorized goods;

c.   using any logo and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or offered for sale via the Defendant's website operating under the domain name "fresh-tops.com" (the "Subject Domain Name," via any social media platform, including, but not limited to, instagram.com, tmblr.com, and/or facebook.com (collectively, the "Social Media"), and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

2

d.  falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e.  engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale or sold via the Defendant's Subject Domain Name, Social Media and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

f.  using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the Defendant's Subject Domain Name, Social Media and/or any other website or business, including, without limitation, clothing products, including, pants, shirts and blouses;

g.  affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant via the Defendant's Subject Domain Name, Social Media, and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

h.  otherwise unfairly competing with Plaintiff; and

i.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2. Additional Equitable Relief:

    a. In order to give practical effect to the Permanent Injunction, the Subject Domain Name is hereby ordered to be immediately transferred by Defendant, its assignees and/or successors in interest or title, and the Registrar to Plaintiff's control. To the extent the current Registrar does not facilitate the transfer of the Subject Domain Name to Plaintiff's control within five (5) days of receipt of this judgment, the Registry shall, within thirty (30) days, change the Registrar of Record for the Subject Domain Name to a Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Name to Plaintiff; and

    b. Upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Name on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Name to the IP addresses where the associated website is hosted.

3. Award Plaintiff $240,000.00 pursuant to 15 U.S.C. § 1117(c).

4. Cost of Suit: award Plaintiff $400.00 pursuant to 15 U.S.C. § 1117(a).

5. Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

IT IS SO ORDERED.

Dated this 16 day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court